IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FRIDA KAHLO CORPORATION, a Panamanian
corporation,

*Plaintiff*,

v.

ARTISTS RIGHTS SOCIETY, INC., a New York
corporation,

*Defendant.*

Civil Action No.: 1:21-cv-00635

## DEFENDANT ARTISTS RIGHTS SOCIETY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Scott J. Sholder
COWAN, DEBAETS, ABRAHAMS
& SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: (212) 974-7474
Fax: (212) 974-8474

*Attorneys for Defendant Artists Rights
Society, Inc.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND.....................................................................................................2

LEGAL STANDARD................................................................................................................5

ARGUMENT ............................................................................................................................6

      I.      THE COURT SHOULD DISMISS PLAINTIFF'S
            COMPLAINT BECAUSE THE COURT DOES
            NOT HAVE SUBJECT MATTER JURISDICTION...............................................6

            A.      There Is No Actual Controversy ..................................................................7

            B.      Plaintiff Does Not Have Standing.................................................................8

      II.     THE COURT SHOULD DISMISS PLAINTIFF'S
            COMPLAINT BECAUSE THE COURT DOES NOT
            HAVE PERSONAL JURISDICTION OVER ARS...............................................10

            A.      The Court Does Not Have General Jurisdiction Over ARS ....................10

            B.      The Court Does Not Have Specific Jurisdiction Over ARS.....................11

                  1.      No Purposeful Direction or Injuries
                           Arose From ARS's Single Email ..................................................12

                  2.      The Court's Exercise of Personal Jurisdiction
                             Over ARS Would Be Unreasonable ..............................................14

CONCLUSION.........................................................................................................................17

i

## **TABLE OF AUTHORITIES**

**Cases**                                                            **Page(s)**

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*,
  480 U.S. 102 (1987)................................................................................................16

*Bath v. Am. Express Co.*,
  No. 19-CV-00606-RM-NYW, 2019 WL 2607020 (D. Colo. May 31, 2019) ........................11

*Benton v. Cameco Corp.*,
  375 F.3d 1070 (10th Cir. 2004) ........................................................................15

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*,
  137 S. Ct. 1773 (2017)................................................................................14

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)................................................................................12

*C5 Med. Werks, LLC v. CeramTec GMBH*,
  937 F.3d 1319 (10th Cir. 2019) ....................................................................12

*Chipotle Mexican Grill, Inc. v. Chevedden*,
  No. 14-CV-0018-WJM-KMT, 2014 WL 1004529 (D. Colo. Mar. 14, 2014).........................7

*Cleary v. Missouri Trucking Centers, Inc.*,
  No. CIVA 07CV00348CBSMJW, 2007 WL 1830509 (D. Colo. June 22, 2007)....................5

*Dagen v. Book*,
  249 F.R.D. 362 (D. Colo. 2008) ..................................................................5–6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)................................................................................10

*Doe v. May*,
  No. 14-CV-01740-WJM-NYW, 2015 WL 8519519 (D. Colo. Nov. 16, 2015).......................6

*Fischer v. BMW of N. Am., LLC*,
  376 F. Supp. 3d 1178 (D. Colo. 2019)..............................................................10

*Jordan v. Sosa*,
  654 F.3d 1012 (10th Cir. 2011) ..................................................................8, 9

*Leo Combat, LLC v. United States Dep't of State*,
  No. 15-CV-02323-NYW, 2016 WL 6436653 (D. Colo. Aug. 29, 2016) .........................6–7

*Lima-Marin v. United States*,
  No. 20-CV-0322-WJM-MEH, 2021 WL 463626 (D. Colo. Feb. 9, 2021) ..........................5

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)................................................................................................6

*Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*,
   16 F. App'x 959, 963 (10th Cir. 2001) ...............................................................14

*New Belgium Brewing Co., Inc. v. Travis Cty. Brewing Co., LLC*,
   No. 15-CV-00272-MEH, 2015 WL 2106329 (D. Colo. May 1, 2015) ..................12

*Old Republic Ins. Co. v. Cont'l Motors, Inc.*,
   877 F.3d 895 (10th Cir. 2017) ......................................................................12, 14

*OMI Holdings, Inc. v. Royal Ins. Co.*,
   149 F.3d 1086 (10th Cir. 1998) ....................................................................15, 16

*Rio Grande Silvery Minnow v. Bureau of Reclamation*,
   601 F.3d 1096 (10th Cir. 2010) ...........................................................................9

*Ruiz v. McDonnell*,
   299 F.3d 1173 (10th Cir. 2002) ...........................................................................5

*Scarborough v. United States*,
   No. 15-CV-00242-KLM, 2017 WL 1243014 (D. Colo. Mar. 17, 2017) ..................5

*Scottsdale Indem. Co. v. Convercent, Inc.*,
   No. 17-CV-01236-RBJ, 2017 WL 5446093 (D. Colo. Nov. 14, 2017).....................7

*Shrader v. Biddinger*,
   633 F.3d 1235 (10th Cir. 2011) ..........................................................................13

*Stuart v. Colorado Interstate Gas Co.*,
   271 F.3d 1221 (10th Cir. 2001) ...........................................................................5

*TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 4
   88 F.3d 1282 (10th Cir. 2007) ............................................................................14

*Trujillo v. Williams*,
   465 F.3d 1210 (10th Cir. 2006) ..........................................................................10

*Ubel v. Progressive Direct Ins. Co.*,
   No. 1:20-CV-00204-RM-NYW, 2020 WL 5803323 (D. Colo. June 9, 2020) ........11

*Wise v. Lindamood*,
   89 F. Supp. 2d 1187 (D. Colo. 1999).................................................................13

*XMission, L.C. v. Fluent LLC*,
   955 F.3d 833 (10th Cir. 2020) .......................................................................11, 12

**Statutes & Rules**

28 U.S.C. § 1604 ........................................................................................................15

28 U.S.C. § 2201 ..........................................................................................................6

Colo. Rev. Stat. § 13-1-124 ........................................................................................10

Fed. R. Civ. P. 12 .....................................................................................................1, 5

Defendant Artists Rights Society, Inc. ("ARS") by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) (the "Motion"), to dismiss the complaint (the "Complaint" or "Cmpl.") of plaintiff Frida Kahlo Corporation ("Plaintiff").

## PRELIMINARY STATEMENT

This case is nothing more than a fishing expedition for Plaintiff to obtain documents regarding the creation of the trust of Diego Rivera and Frida Kahlo Museums, managed by Mexico's central bank, which holds the copyrights to the body of work of the late Mexican artist Frida Kahlo. Plaintiff inexplicably inserted itself into this matter after ARS, who represents the trust in connection with global copyright licensing of Frida Kahlo artwork, sent a notice to an unnamed third party over its unauthorized use of Kahlo's artwork on commercial products. Plaintiff promptly filed suit, even though this Court does not have subject matter jurisdiction over this action or personal jurisdiction over ARS.

First, Plaintiff has not established that there is an "actual controversy" between Plaintiff and ARS or that it has standing to bring this action to support this Court's subject matter jurisdiction. Plaintiff has no plausible claim to the copyrights in Frida Kahlo's works, as it purportedly only holds certain trademark rights in connection with the persona or personality rights of Frida Kahlo, yet Plaintiff is seeking a declaration of copyright ownership regarding the artwork. Plaintiff is essentially requesting an improper advisory opinion from this Court cloaked in a manufactured controversy based on language plucked from correspondence with ARS.

Second, Plaintiff has not demonstrated any basis upon which this Court could exercise personal jurisdiction over ARS. ARS is a New York corporation, with its principal place of business in New York, and does not conduct business in Colorado, nor did it commit any torts

within Colorado or outside the state causing effects within Colorado.

The frivolity of Plaintiff's suit is further exemplified by its recent assertion—wholly outside its pleading—that Kahlo's artwork is in the public domain. Plaintiff curiously claims on one hand that it filed the suit in order to obtain documentation from a state-owned institution regarding the copyright in Kahlo's artwork, yet also asserts that Kahlo's artwork is in the public domain. The Court should not allow Plaintiff to proceed with its frivolous fishing expedition, especially where it has not established that there is an "actual controversy" between the parties, or that this Court may exercise personal jurisdiction over ARS.

## FACTUAL BACKGROUND

Plaintiff is a corporation incorporated outside the U.S. in the country of Panama that, as alleged in the Complaint, is purportedly the holder of certain trademarks in connection with the late Mexican painter Frida Kahlo ("Kahlo"). Cmpl. ¶¶ 7, 9. Plaintiff does not claim to own or hold any copyrights or other rights in and to Kahlo's body of artwork. *See generally id.* ¶¶ 1, 9. ARS is a New York corporation that has its principal place of business in New York. *Id.* ¶ 8; Declaration of Adrienne Fields, dated April 14, 2021 ("Fields Decl.") ¶ 5. ARS has no office, property, or bank account in Colorado, it is not licensed to do business in Colorado, and it has no employees in Colorado. Fields Decl. ¶ 6. ARS is the U.S. representative of the worldwide intellectual property rights of approximately 120,000 artists and artist estates, including the Diego Rivera and Frida Kahlo Museums Trust ("Kahlo Trust"), which is maintained and managed by the Banco de México (the "Banco"). *Id.* ¶¶ 4, 8. In that capacity, the Banco holds the copyrights to Kahlo's pictorial and literary works. *Id.* ¶ 9. The Banco is Mexico's central bank, created by constitutional mandate, and is charged with regulating currency, operating as a banking institution and lender of last resort, and providing treasury and advisory services to the federal government.

*Id.* ¶ 10.  The Banco is located in Mexico and, upon information and belief, has no offices, operations, or employees in Colorado.  *Id.* ¶ 11.

In its role as a licensing representative, ARS regularly enforces its clients' rights and pursues actions against unauthorized users.  *Id.* ¶ 7.  In January 2021, ARS received a marketing email from Kidrobot, Inc. ("Kidrobot") announcing its "Limited Edition Frida Kahlo Dunny Art Figures" and directing recipients to view the products on its website, located at www.kidrobot.com (the "Website").  *Id.* ¶ 12.  Notably, of concern to ARS, the products incorporated one of Kahlo's works of art entitled "Las Dos Fridas" or, in English, "The Two Fridas" (the "Artwork"), without authorization or a license from ARS.  *Id.* ¶ 13.  ARS, in its capacity as the licensing representative of Kahlo's artworks (via the Banco), contacted Kidrobot regarding its use of the Artwork without authorization, on commercial products and in marketing for the same, and requested that Kidrobot confirm the production run and scope of marketing.  Cmpl. ¶ 11; Fields Decl. ¶¶ 14.  ARS was not aware of Kidrobot's geographic location at the time, and the Website did not include any geographic references to Colorado in its "About Us," "Contact Us," and "Legal Stuff" web pages. Fields Decl. ¶ 15, Ex. A.  In this communication, ARS did not make any financial demands or threaten legal action.  *Id.* ¶ 14.  ARS did not receive any response from Kidrobot.  *Id.* ¶ 16.

Instead, ARS received an email from Plaintiff, in which Plaintiff demanded ARS's chain of title records for copyright rights in the Artwork.  Cmpl. ¶ 12; Fields Decl. ¶ 17.  The requested documentation concerning the Kahlo Trust and the Banco's copyright rights to Artwork are in Spanish and are maintained in Mexico.  Fields Decl. ¶ 18.  In a show of good faith, ARS provided a confirmation letter from the Banco confirming its management of the Kahlo Trust and rights to the copyright in the Artwork as well as its authorization of ARS to represent the Kahlo Trust and its intellectual property rights.  *See* Cmpl. ¶ 13; Fields Decl. ¶ 19, Ex. B.  In response, Plaintiff

claimed that this letter was insufficient and demanded the underlying documentation creating the Kahlo Trust. *See* Cmpl. ¶ 14; Fields Decl. ¶ 20. At the time, ARS declined to produce such documentation, perceiving it as an attempt to delay the matter and evade ARS's request for an accounting of Kidrobot's uses of the Artwork, Fields Decl. ¶ 21, but later did so. *See infra*. Plaintiff filed this instant action on March 3, 2021 seeking declaratory relief. *See generally* Cmpl. Plaintiff's counsel notified ARS that it "filed suit to discover the validity of ARS' assertions." Fields Decl. ¶ 22, Ex. C.

On March 24, 2021, ARS, through its undersigned counsel, sent a letter to Plaintiff's counsel to notify him of the deficiencies in the Complaint and to request that Plaintiff discontinue the action. *See* Declaration of Scott J. Sholder, dated April 14, 2021 ("Sholder Decl."), ¶ 5, Ex. A. At that time, ARS also provided Plaintiff with translated excerpts of the Spanish-language chain-of-title documents in the Banco's possession, which show that the Banco holds the copyright to Kahlo's Artwork. *Id.* ¶ 6, Ex. A. Plaintiff did not respond. *See id.* ¶ 7. On March 25, 2021, ARS received service of process at its principal place of business in New York. Fields Decl. ¶ 23. On April 2, ARS, through its undersigned counsel, followed up in an email and relayed its intention to file a motion to dismiss and, consistent with the Court's practice standard IV.N.2.a, requested to confer with Plaintiff's counsel to determine if the deficiencies in the Complaint could be corrected by amendment (although expressing reservations that any such cure was possible). Sholder Decl. ¶¶ 7–9. Plaintiff, through its counsel, responded and stated that it was "investigating the items raised in [the] letter" and that ARS was free to make whatever motion it wanted. *Id.* ¶ 10. On April 7, 2021, Plaintiff, via its counsel, responded to ARS's March 24, 2021 letter and asserted, for the first time, that the Artwork is in the public domain. Although not germane to the instant case, ARS disagrees. *Id.* ¶ 11. Plaintiff has not sought to amend its Complaint.

## LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) "generally take[s] one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). In a factual attack such as in this case, "a district court may not presume the truthfulness of the complaint's factual allegations." *Lima-Marin v. United States*, No. 20-CV-0322-WJM-MEH, 2021 WL 463626, at *2 (D. Colo. Feb. 9, 2021). Rather, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" and "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Scarborough v. United States*, No. 15-CV-00242-KLM, 2017 WL 1243014, at *2 (D. Colo. Mar. 17, 2017) (quoting *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(2) provides that a defendant may move to dismiss a complaint for lack of jurisdiction over a party. "Once a court's personal jurisdiction over a defendant has been challenged, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Cleary v. Missouri Trucking Centers, Inc.*, No. CIVA 07CV00348CBSMJW, 2007 WL 1830509, at *2 (D. Colo. June 22, 2007) (citing *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The court may consider affidavits or other materials submitted, but well-pled allegations in the plaintiff's complaint "must be taken as true to the extent that they are

5

uncontroverted by [the defendant's] affidavits." *Dagen v. Book*, 249 F.R.D. 362, 364 (D. Colo. 2008) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). Any conclusory allegations need not be accepted as true. *Doe v. May*, No. 14-CV-01740-WJM-NYW, 2015 WL 8519519, at *3 (D. Colo. Nov. 16, 2015), *report and recommendation adopted*, No. CV14CV01740WJMNYW, 2015 WL 8479808 (D. Colo. Dec. 10, 2015).

## ARGUMENT

I.   **THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION**

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction" a court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has interpreted the language of "actual controversy" as the type of "cases" and "controversies" that are within courts' subject matter jurisdiction under Article III of the U.S. Constitution. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007). To satisfy the "actual controversy" requirement, there must be a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests," that is "real and substantial," and "admi[ts] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 127 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937)). Essentially, the question boils down to: "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

A plaintiff seeking declaratory relief must also demonstrate standing by establishing: "(1)

an injury in fact, (2) sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision." *Leo Combat, LLC v. United States Dep't of State*, No. 15-CV-02323-NYW, 2016 WL 6436653, at *4 (D. Colo. Aug. 29, 2016); *Chipotle Mexican Grill, Inc. v. Chevedden*, No. 14-CV-0018-WJM-KMT, 2014 WL 1004529, at *2 (D. Colo. Mar. 14, 2014) ("Of the justiciability doctrines created to enforce the case or controversy limitation, the requirement that a litigant have standing to invoke the power of a federal court is perhaps the most important." (internal quotation marks and citations omitted)). Absent these requirements, as here, a court does not have jurisdiction over a declaratory action.

## A.   There Is No Actual Controversy

Plaintiff has not identified any "actual controversy" between Plaintiff and ARS or demonstrated that it will suffer an injury in fact to support subject matter jurisdiction. At best, this action is a fishing expedition that Plaintiff is employing in order to obtain documents from ARS, which were not forthcoming on the original terms Plaintiff demanded. As Plaintiff stated in its March 3, 2021 email to ARS, in which it notified ARS that it had filed the Complaint, Plaintiff "filed suit to discover the validity of ARS' assertions." Fields Decl. ¶ 21, Ex. B. However, Plaintiff's desire to "discover" information does not give rise to a justiciable controversy, especially where ARS never sent a notice of inquiry to Plaintiff and never made a financial demand or threatened suit against Plaintiff. *See id.* ¶¶ 12–15; *see also Scottsdale Indem. Co. v. Convercent, Inc.*, No. 17-CV-01236-RBJ, 2017 WL 5446093, at *9 (D. Colo. Nov. 14, 2017) (accepting sworn declaration averring that defendants are not contesting coverage as evidence that there was no case or controversy to support subject matter jurisdiction).

Indeed, Plaintiff is seeking a declaration of the copyright ownership in the Artwork, despite the fact that it has no plausible claim of ownership or rights to the Artwork, Cmpl. ¶ 17, and

therefore has no adverse legal interest to ARS.  As Plaintiff admits in the Complaint, Plaintiff is purportedly the owner of several *trademarks* associated with Kahlo but does not own or hold any copyright rights in Kahlo's works.  *See id.* ¶¶ 1, 9.  Plaintiff alleges that it "licensed the creation and sale of certain Frida Kahlo branded art toys" to Kidrobot, but Plaintiff does not allege that it licensed the use of the Artwork to Kidrobot.  *Id.* ¶ 10.  Rather, it follows that Plaintiff, as the holder of certain trademark rights, would only have licensed its trademarks and associated rights to Kidrobot.  *See id.* ¶¶ 9–10.  Where, as here, Plaintiff has no competing or adverse rights to ARS, there can be no definite or concrete controversy, let alone one that would give rise to the need for sufficiently immediate specific relief (as opposed to an advisory opinion which, as discussed below, is what Plaintiff is really seeking).

## B.    Plaintiff Does Not Have Standing

Plaintiff is ostensibly seeking declaratory relief based on the conduct of Kidrobot, a third party that is not named in this action, which used the Artwork on commercial products without authorization, but Plaintiff has not stated any basis upon which *Plaintiff* has standing to request a declaration of copyright ownership of the Artwork.  Indeed, Plaintiff has not alleged that it suffered any injuries or damages as the result of ARS' single email to Kidrobot—which, notably did not include any financial demands or threaten legal action—much less a causal connection to ARS's conduct or a likelihood that a ruling in favor of Plaintiff would remedy such injury.  *See generally* Cmpl. *See* Fields Decl. ¶ 14.

The declaratory relief Plaintiff seeks must affect the behavior between the parties to the litigation, not any third party.  *See Jordan v. Sosa*, 654 F.3d 1012, 1025–26 (10th Cir. 2011) ("[W]here a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint.");

*Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) ("[I]t is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff." (internal citation and quotation marks omitted)). "A declaratory judgment that merely seeks to affect the (uncertain) future conduct of third parties—who are not named in a plaintiff's complaint—would involve the very sort of speculative, 'hypothetical' factual scenario that would render such a judgment a prohibited advisory opinion." *Jordan*, 654 F.3d at 1026. This is precisely what Plaintiff is asking for here.

Even considering Plaintiff's newly asserted (and unpled) theory that the Artwork is in the public domain (which ARS and the Banco dispute) would not cure the fatal deficiencies in Plaintiff's Complaint. As a threshold matter, Plaintiff has not alleged this theory in the Complaint, nor sought to amend its Complaint, so Plaintiff's extrinsic assertion is not properly before this Court. Nonetheless, even if Plaintiff were to amend its Complaint or if the Court were to consider the theory in connection with the now-operative pleading, it would not create an "actual controversy" between the parties or lend Plaintiff standing. Plaintiff still would have no adverse legal interest to ARS—only its individual interest in obtaining documentation from ARS, which seems like a hollow request in light of Plaintiff's assertion that the Artwork is in the public domain. Plaintiff's allegation that the Artwork is in the public domain would also not provide a basis for an injury in fact, especially where ARS has not made any financial demands or threatened suit against Plaintiff. *See* Fields Decl. ¶ 14. Moreover, attempting to litigate the question of the Artwork's copyright status is putting the proverbial cart before the horse; Plaintiff is not entitled to such an advisory opinion from this Court when it has no copyright interest itself and no standing,

and the Court has no subject matter jurisdiction to begin with.

As the declaratory judgment sought by Plaintiff would have no real-world impact on the conduct of ARS toward Plaintiff, nor would a favorable decision cure any imagined injury to Plaintiff, this Court does not have subject matter jurisdiction over the matter.

## II.   THE COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT BECAUSE THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER ARS

Additionally, the Court should dismiss the Complaint in its entirety because this Court does not have personal jurisdiction over ARS, a New York corporation, which has its principal place of business in New York, does not hold itself as doing business in Colorado, and has no specific connections to Colorado.  It is well settled that, "[i]n determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  Courts have construed the relevant statute in question, Colorado's long-arm statute (Colo. Rev. Stat. § 13-1-124), to extend jurisdiction to the full extent permitted by the U.S. Constitution, "so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process."  *Fischer v. BMW of N. Am., LLC*, 376 F. Supp. 3d 1178, 1182 (D. Colo. 2019) (citing cases).  There are two potential bases for jurisdiction: (1) general jurisdiction, and (2) specific jurisdiction, *see id.*, neither of which is present here.

### A.   The Court Does Not Have General Jurisdiction Over ARS

A court maintains general jurisdiction over a party only if that party maintains "continuous and systematic contacts" with the state as to render the party "at home" in the state.  *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  For corporations, like ARS, the entity is only "at home"

where the company is incorporated or has a principal place of business.  *See Ubel v. Progressive Direct Ins. Co.*, No. 1:20-CV-00204-RM-NYW, 2020 WL 5803323, at *4 (D. Colo. June 9, 2020). Here, it is undisputed that ARS is a company incorporated in New York with its principal place of business in New York.  *See* Cmpl. ¶ 8; Fields Decl. ¶ 5.  Plaintiff alleges that ARS "does business in this district . . . by virtue of its licensing activities" (Cmpl. ¶ 5), but this general and conclusory allegation of unspecified "licensing activities" is insufficient as a matter of law to show that ARS has continuous and systematic contacts with the state.  *See Bath v. Am. Express Co.*, No. 19-CV-00606-RM-NYW, 2019 WL 2607020, at *6 (D. Colo. May 31, 2019) (finding that even if the plaintiff could amend his complaint to allege that the defendant conducts business in Colorado, he has still failed to allege specific, non-conclusory facts that establish the defendant was "at home" in Colorado), *report and recommendation adopted sub nom. Bath v. Am. Express Nat'l Bank*, No. 1:19-CV-00606-RM-NYW, 2019 WL 2602505 (D. Colo. June 25, 2019).  In point of fact, ARS has no licensing activity in Colorado.  Fields Decl. ¶ 6.  As such, there is no plausible argument, let alone well-pleaded facts, that would support general jurisdiction over ARS.

### B.     The Court Does Not Have Specific Jurisdiction Over ARS

Absent general jurisdiction, Plaintiff would need to establish that this Court has specific jurisdiction over ARS, based on ARS's specific actions as they relate to this case.  Specific jurisdiction is present only if "(1) the out-of-state defendant 'purposefully directed' its activities at residents of the forum State, and (2) the plaintiff's alleged injuries 'arise out of or relate to those activities.'"  *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 840 (10th Cir. 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "Even if the plaintiff satisfies the above two requirements, the defendant can defeat jurisdiction by presenting a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"  *Id.*  Courts

11

consider the following factors in determining whether jurisdiction is unreasonable: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 909 (10th Cir. 2017) (internal citations and quotation marks omitted).

### 1.   No Purposeful Direction or Injuries Arose from ARS's Single Email

Aside from conclusory allegations (*see* Cmpl. ¶ 5), Plaintiff has not alleged any *purposeful* direction by ARS at the state of Colorado.  The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted).  The defendant must have "deliberately" engaged in significant activities within a state or created "continuing obligations" with residents of the forum.  *Id.*  "Mere foreseeability of causing injury in another state is insufficient to establish purposeful direction."  *Old Republic*, 877 F.3d at 905.  In their analysis, courts consider both the "quantity and quality of a defendant's contacts with the forum." *XMission*, 955 F.3d at 840.

At most, Plaintiff relies upon a single email sent by ARS to Kidrobot, who has not been joined in this action as evidence of ARS's allegedly purposeful direction of activity at the state of Colorado.  *See* Cmpl. ¶ 11.  However, this email alone—which was a polite letter of inquiry addressed to a non-party—does not support jurisdiction over ARS.  *See C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) ("[W]e agree with the Federal Circuit that a single cease-and-desist letter is insufficient to confer jurisdiction in a declaratory judgment action like this one."); *accord New Belgium Brewing Co., Inc. v. Travis Cty. Brewing Co., LLC*,

12

No. 15-CV-00272-MEH, 2015 WL 2106329, at *8 (D. Colo. May 1, 2015) (citing cases); *Wise v. Lindamood*, 89 F. Supp. 2d 1187, 1191 (D. Colo. 1999) (citing cases).  Moreover, as the U.S. Court of Appeals for the Tenth Circuit pointed out, emails may be distinguished from other forms of communications, because while an email may be directed to particular recipients, "email addresses typically do not reveal anything about the geographic location of the addressee."   *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).   "Thus, if the plaintiff does not show that the defendant otherwise knew where the recipient was located, the email itself does not demonstrate purposeful direction of the message to the forum state, even if that happens to be where the recipient lived." *Id.*

Here, Plaintiff only alleges that ARS emailed Kidrobot's principal in January 2021 but does not allege that ARS was aware that Kidrobot, or its principal, are associated in any way with Colorado.  *See* Cmpl. ¶ 11.  As ARS's Director of Legal Affairs confirms in her Declaration, ARS was not aware of Kidrobot's geographic location at the time ARS sent the email.  *See* Fields Decl. ¶ 15.  Rather, ARS was only aware of Kidrobot's use of Kahlo's Artwork, as was evident in its email marketing materials and on its Website, and obtained the email address of Frank Kozik of Kidrobot to send a polite notice of inquiry.  *See id.* ¶¶ 12–15.  The company's location is not readily evident from the email address or from the "About Us," "Contact Us," and "Legal Stuff" pages of the Website.  *See id.* ¶¶ 15, Ex. A.  Indeed, neither the "About Us" nor "Contact Us" pages of Kidrobot's Website indicate a geographic location, and the legal terms of the Website, entitled "Legal Stuff," identify California for choice of law purposes.  *See id.* Ex. A.

Aside from this single email regarding a third party's unauthorized use of Kahlo's Artwork, Plaintiff has not alleged that ARS initiated communications as part of a "specific or intentional effort to conduct business within the State of Colorado" or stated facts to support one of the

recognized purposeful direction frameworks.  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 16 F. App'x 959, 963 (10th Cir. 2001) (affirming dismissal where the plaintiff made no showing that defendants signed an agreement or initiated phone, fax, or email communications as part of a specific efforts to conduct business within Colorado); *see Old Republic*, 877 F.3d at 909 (analyzing the "continuing relationships," "market exploitation," and "harmful effects" frameworks and affirming dismissal).  Additionally, as discussed above, Plaintiff has not alleged that *Plaintiff* has suffered any injuries, let alone injuries arising from a single email of inquiry sent to a third party to support a finding of specific jurisdiction.  *See* Cmpl. ¶¶ 17–18.  Accordingly, Plaintiff will not be able to satisfy the two basic requirements for specific jurisdiction.

## 2.     The Court's Exercise of Jurisdiction Over ARS Would Be Unreasonable

Given that ARS lacks sufficient minimum contacts with Colorado, it is not necessary for this Court to even reach the question of whether jurisdiction is unreasonable.  But to the extent that it does, the Court's exercise of jurisdiction over ARS in this action would offend traditional notions of fair play and substantial justice.  As the reasonableness prong of the due process inquiry operates on a sliding scale, and ARS's contacts with Colorado are virtually non-existent, it does not take much to tip the scale toward unreasonableness.  *See TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007) (stating that "the reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction" (internal quotation marks and citations omitted)).

*First*, there would be a significant burden on ARS in requiring it to litigate in a far-away forum where neither ARS nor its counsel are located.  *Cf. Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (noting that the "primary

concern" is the burden on the defendant and "[a]ssessing this burden obviously requires a court to consider the practical problems resulting from litigating in the forum, but it also encompasses the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question"). ARS is a New York corporation with principal offices in New York; it has no office, property, or bank account in Colorado, it is not licensed to do business in Colorado, and it has no employees in Colorado. *See* Cmpl. ¶ 8; Fields Decl. ¶¶ 5–6. Additionally, for this litigation, ARS is named in its capacity as a representative of the Banco, Mexico's central bank, which is located in Mexico and, upon information and belief, has no offices, operations, or employees in Colorado.[1] *See* Fields Decl. ¶¶ 8, 11. *Cf. also Benton v. Cameco Corp.*, 375 F.3d 1070, 1079 (10th Cir. 2004) ("When the defendant is from another country, this concern is heightened and 'great care and reserve should be exercised' before personal jurisdiction is exercised over the defendant." (internal citations and quotation marks omitted)).

*Second*, it is unclear what interest, if any, Colorado has in resolving this dispute between a New York corporation and a Panamanian entity involving Mexican artwork. *See OMI Holdings*, 149 F.3d at 1096 (stating that states have an interest in providing a forum for redress for their residents, adjudicating a dispute between non-residents that affects forum residents, and resolving a dispute that requires a general application of the forum state's law). Neither party is a resident of Colorado and the one entity who has any alleged connection to Colorado—Kidrobot—is not in the case.

*Third*, Plaintiff's choice to bring this case in Colorado arguably causes inconvenience for Plaintiff, which is not located in the U.S. *See* Cmpl. ¶ 7. Plaintiff has not shown that this district

---

[1] Notably, Plaintiff did not name the Banco as the defendant, nor could it because the state-owned institution would be immune from the jurisdiction of U.S. courts pursuant to the Foreign Sovereign Immunities Act. *See* 28 U.S.C. § 1604.

is the most efficient forum or that its chances of recovery would be greatly diminished by forcing it to litigate in another forum. *See OMI Holdings*, 149 F.3d at 1097.

*Fourth*, litigating in Colorado would not be more efficient for the interstate judicial system, or any parties involved, including their counsel, as none of the parties to this action, nor their counsel, are located in Colorado, no wrong occurred in Colorado, and foreign law may apply. *See OMI Holdings*, 149 F.3d at 1097. "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation," *id.* (internal citations omitted), and in this case efficiencies will further be undermined because of the likelihood of having to obtain and review Spanish-language documents located in Mexico and testimony from witnesses located in Mexico. *See* Fields Decl. ¶¶ 8–11.

*Fifth*, there is no social policy being advanced here by Plaintiff's choice to bring this case in a distant forum that has no connection to any of the parties. Notably, the Supreme Court "has cautioned that "great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*, 480 U.S. 102, 115 (1987). "Facts courts have relied on to determine whether the exercise of jurisdiction interferes with sovereignty include whether one of the parties is a citizen of the foreign nation, whether the foreign nation's law governs the dispute, and whether the foreign nation's citizen chose to conduct business with a forum resident." *OMI Holdings*, 149 F.3d at 1098 (internal citations omitted). Here, both Plaintiff and the Banco, which ARS represents as a licensing representative, are foreign entities and the dispute may involve interpretation of Mexican law.

On balance, none of the applicable factors favor the Court's exercise of jurisdiction over ARS in this instance.  For this reason, the Court should dismiss the Complaint against ARS.

## **CONCLUSION**

ARS respectfully requests that the Court grant its Motion and dismiss the Complaint in its entirety with prejudice.

Respectfully Submitted,

Dated: April 15, 2021
          New York, New York

COWAN, DEBAETS, ABRAHAMS
     & SHEPPARD LLP

By:     /s/ Scott J. Sholder
          Scott J. Sholder
          Sara Gates (on the brief)
          41 Madison Avenue, 38th Floor
          New York, New York 10010
          Tel: (212) 974-7474
          Fax: (212) 974-8474
          ssholder@cdas.com
          sgates@cdas.com

*Attorneys for Defendant Artists Rights Society, Inc.*

## **CERTIFICATE OF SERVICE**

I, Scott J. Sholder, hereby certify that a true and correct complete copy of the foregoing Defendant Artists Rights Society, Inc.'s Memorandum of Law in Support of its Motion to Dismiss has been filed with the Clerk of the Court and served on all counsel of record via the Court's CM/ECF service.

/s/ Scott J. Sholder
Scott J. Sholder
