IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00635-RM-STV

FRIDA KAHLO CORPORATION, a
Panamanian corporation; KIDROBOT, LLC, a
Delaware limited liability corporation,

        Plaintiffs,

   v.

ARTISTS RIGHTS SOCIETY, INC., a New
York corporation,

        Defendant.

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

### INTRODUCTION

1. Plaintiff Frida Kahlo Corporation is the holder of numerous worldwide trademarks in connection with the Mexican painter Frida Kahlo. In 2020, Plaintiff Frida Kahlo Corporation licensed Plaintiff Kidrobot, LLC, a Broomfield, Colorado-based creator and dealer of limited-edition art toys, to create and to offer for sale certain Frida Kahlo-branded art toys. One art toy, referred to generally by Kidrobot as a "dunny," bears a likeness of *Las Dos Fridas* ("The Two Fridas"), a 1939 painting by Frida Kahlo. Plaintiff supplied the artwork to Kidrobot that Kidrobot used on its art toy called the 2 Fridas Dunny.

2. In early 2021, Defendant Artists Rights Society, Inc. wrote to Kidrobot initially and then to Frida Kahlo Corporation and Kidrobot intimating that a copyright license from Defendant for *Las Dos Fridas* was required. Defendant claims to be the exclusive licensing agent for the Diego Rivera Frida Kahlo Museums Trust, which is administered by fiduciaries at the Bank of Mexico.

1

3. The principal question raised by this suit is whether Defendant, and those whom Defendant represents, have any valid copyright in *Las Dos Fridas* to license. When Plaintiff Frida Kahlo Corporation asked for primary documentary substantiation of Defendant's claim, Defendant's Legal Director refused to provide any. Instead, she proclaimed, "Should we be required to provide additional documents then such will be submitted to a competent court of law."

4. In this suit, Plaintiffs seeks declaratory relief principally. Defendant contends Defendant has the exclusive right to license on behalf of its client, and that its client holds valid, existing copyright rights to *Las Dos Fridas*. Plaintiffs contend that Defendant does not have a right to license *Las Dos Fridas* because the painting is in the public domain and, alternatively, because *Las Dos Fridas* is not part of the corpus of the Diego Rivera & Frida Kahlo Museums Trust from which Defendant's exclusive right to sublicense purportedly stems.

## JURISDICTION AND VENUE

5. This case arises under the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201.

6. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed itself into this District concerning the specific matters at issue in this case.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

8. Plaintiff Frida Kahlo Corporation is a Panamanian corporation.

9. Plaintiff Kidrobot, LLC is a Delaware limited liability company with a principal place of business in Broomfield, Colorado.

10. Defendant Artists Rights Society, Inc. ("Defendant" or "ARS") is a New York corporation with a principal place of business in New York, New York.

## FACTUAL ALLEGATIONS

### *Facts Relating to Frida Kahlo's Las Dos Fridas Painting*

11. Magdalena Carmen Frida Kahlo y Calderón ("Frida Kahlo") was a citizen of Mexico.

12. No later than the end of 1939, Frida Kahlo had painted *Las Dos Fridas*, an image of which is shown below:



13. In 1939, and until 1948, Article 1,189 of Mexico's 1928 Federal Civil Code provided (in translation):

> The author who publishes a work cannot acquire the rights granted to him by this title if he does not register the work within a period of three years. At the conclusion of this term, the work enters the public domain [if not registered.]

14. Frida Kahlo exhibited *Las Dos Fridas* in early 1940 at a gallery — Galería de Arte Mexicano, in connection with the 1940 International Exhibition of Surrealism held in Mexico City, Mexico. *Las Dos Fridas* was published in the printed booklet for the 1940 exhibition and the booklet was distributed to members of the public.

15. *Las Dos Fridas* was not registered within three years of publication and thus entered the public domain.

16.     In 1947, Kahlo, upon information and belief, sold *Las Dos Fridas* to the Instituto Nacional de Bellas Artes.

17.     In 1947, effective 1948, Mexico amended its copyright laws to eliminate the registration requirement in the 1928 Federal Civil Code.  The amendment contained a safe harbor for previously published works that had fallen into the public domain under the 1928 Federal Civil Code before the amended law's effective date of January 14, 1948.  Under the 1948 amendment, authors, like Frida Kahlo, who did not meet the three-year registration period under the 1928 Civil Code were given a six-month period of repose, commencing on January 14, 1948, to restore copyrights by registering works that had fallen into the public domain under Mexico's 1928 Federal Civil Code.

18.     Neither Frida Kahlo nor the Instituto Nacional de Bellas Artes, however, registered *Las Dos Fridas* during the six-month period of repose.  *Las Dos Fridas* thus remained in the public domain.  Since that time, copies, images, and likenesses of *Las Dos Fridas* have been widely distributed worldwide.

## *Facts Related to the Instant Dispute*

19.     Plaintiff Frida Kahlo Corporation is the holder of numerous worldwide trademarks associated with Frida Kahlo.

20.     In 2020, Plaintiff licensed the creation and sale of certain Frida Kahlo-branded art toys by Kidrobot, LLC, a Broomfield, Colorado-based creator of limited-edition art toys.  In connection with the license, Plaintiff Frida Kahlo Corporation provided Kidrobot the artwork for an art toy known as a 2 Fridas Dunny.  An image of the 2 Fridas Dunny, which is shown on a Kidrobot webpage, is set forth below:

//
//
//
//
//



22. In January 2021, in an email to a Kidrobot principal, Defendant Artists Rights Society said that "ARS is the exclusive U.S. representative of the Banco de México Diego Rivera & Frida Kahlo Museums Trust (the '"Kahlo Trust"'). As such, ARS has the authority to license and protect works of art by Frida Kahlo." ARS further asserted that "Kidrobot has used a work of art by Frida Kahlo without authorization on its 2 Fridas Dunny and related marketing…"

23. In February 2021, Plaintiff Frida Kahlo Corporation responded to ARS because Plaintiff had provided the artwork to Kidrobot. Plaintiff Frida Kahlo Corporation said, among other things, "… we would need to verify your legitimate interest in serving this letter. Therefore we kindly ask you to provide the chain of title of the claimed work (including the rights of '"Banco de México Diego Rivera & Frida Kahlo Museums Trust"')."

24. Later in February 2021, ARS emailed Plaintiff and said, "Please find a letter attached from the Banco de México owner of the copyrights in and to Frida Kahlo's artwork." The attached letter, which was cc'd to Kidrobot's executive, asserted, in part, "Banco de Mexico Diego Rivera & Frida Kahlo Museums Trust (the '"Trust"') is the owner of the intellectual property rights in and to the works of art of Frida Kahlo and Diego Rivera" and "Frida Kahlo Corporation and Kidrobot have used a work by Frida Kahlo titled, 'Las Dos Fridas' without authorization…."

25. On or about February 25, 2021, Plaintiff Frida Kahlo Corporation responded to ARS and the representative of the Banco de Mexico and said, in pertinent part, "I trust that you

5

will not be surprised if I ask for more than just a letter making such a claim.  Surely, if Frida Kahlo Corporation were to provide you a letter asserting ownership to all of Frida Kahlo's rights, you would ask for proper proof of such an assertion."  Plaintiff Frida Kahlo Corporation also noted that "*Las Dos Fridas* was sold long before the Trust was reportedly created and therefore it seems unlikely that the Trust has any rights to *Las Dos Fridas* — assuming that anyone does.  To clarify the situation, I would suggest that you provide to me a copy of the instrument creating the Diego Rivera & Frida Kahlo Museums Trust, along with any other primary documentation, so that I may evaluate the validity of the statement in Mr. Rodriguez' February 22, 2021 letter."

26. On February 22, 2021, Defendant ARS' Adrienne Fields, who is an attorney and Defendant's Director of Legal Affairs, responded to Plaintiff and a principal of Kidrobot saying, in part, "Should we be required to provide additional documents then such will be submitted to a competent court of law."  Fields further demanded, "for KIDROBOT to provide an accounting of production and sales of their *Las Dos Fridas* items," and noted, "The foregoing is without prejudice to the rights and remedies of ARS and the Banco de México Diego Rivera & Frida Kahlo Museums Trust…."

27. After Plaintiff Frida Kahlo Corporation initiated this suit, in late March 2021, counsel for ARS provided his purported review of the "chain of title documents."  ARS's counsel referenced a 2007 letter from Mexico's National Institute of Copyright ("2007 Letter") that purports to ratify "registration number 30853/59 of the 29th of October of 1959," and suggested the 2007 Letter was proof that the Trust held the copyright for *Las Dos Fridas*.  The October 29, 1959 "registration,' however, is not a copyright registration for *Las Dos Fridas*, or any other work.

28. According to ARS' counsel, the 2007 Letter also establishes that none of Frida Kahlo's works will enter the public domain until January 1, 2056 — about 102 years after Kahlo's death.  The apparent assumption in the 2007 Letter, which ARS's counsel only partially quoted, is that Mexico's later copyright term extension to life + 100 years applies to all of Kahlo's works.  Mexico's later amendments, however, were not retroactive and did not remove

works that had already entered the public domain.  The 2007 Letter's opinion thus was based on a significant and incorrect assumption, namely that under "no circumstance of the previous law, the work of the aforementioned artist passed into the public domain." *Las Dos Fridas*, as set forth above, passed into the public domain on or about 1943.

29. On information and belief, Diego Rivera reportedly created the Trust about a year after Frida Kahlo's death.  The Trust, however, is based on an unproven assertion.  In the Trust, on information and belief, and according to ARS' counsel's March 2021 letter, "Mr. Rivera himself declares, that he was judicially declared the sole and universal heir of his late wife, Mrs. Frida Kahlo."  On information and belief, there is no such judicial declaration and Mexico does not recognize an automatic right of survivorship where one spouse inherits the property of another.  Whether Rivera was the sole and universal heir to Kahlo's property, including any remaining copyright, remains unestablished.

30. For the reasons set forth above, the corpus of the Diego Rivera & Frida Kahlo Museums Trust does not include *Las Dos Fridas* or any valid copyright to *Las Dos Fridas*.

## FIRST CAUSE OF ACTION - DECLARATORY RELIEF

31. Plaintiffs reallege and incorporates by reference each of the paragraphs set forth above as though fully set forth herein.

32. As a result of Defendant's accusations, demands, and an implied threat of litigation, there is an actual, present, and justiciable controversy as to the parties' rights and obligations.

33. Defendant contends that the Diego Rivera & Frida Kahlo Museums Trust includes the copyright to *Las Dos Fridas*, that the copyright in *Las Dos Fridas* is valid and existing and, therefore, as the exclusive licensing agent of the Diego Rivera & Frida Kahlo Museums Trust, Defendant has the right to require permission and collect royalties for sales of the 2 Fridas Dunny.

34. Plaintiffs contend that *Las Dos Fridas* is in the public domain, and/or that the corpus of the Diego Rivera & Frida Kahlo Museums Trust does not include any copyright to *Las*

*Dos Fridas*.  Plaintiffs, therefore, contend that neither of them is required to obtain permission or authorization from Defendant or pay Defendant royalties for permission.

35. The controversy between Plaintiffs and Defendant is substantial and adversely impacts each parties' legal interests in a manner that is both real and immediate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Frida Kahlo Corporation and Plaintiff Kidrobot, LLC pray as follows:

A. For a declaration that *Las Dos Fridas* is in the public domain and that Plaintiffs are not required to obtain Defendant's authorization, or pay them any royalties, to use a likeness of *Las Dos Fridas*;

B. For a declaration that the corpus of the Diego Rivera & Frida Kahlo Museums Trust does not include a valid and existing copyright for *Las Dos Fridas* and Defendant, therefore, has no valid right to license to Plaintiffs;

C. For a declaration that the Frida Kahlo 2 Fridas Dunny authorized by Plaintiff Frida Kahlo Corporation and offered for sale by Plaintiff Kidrobot does not require permission from Defendant;

D. For an award of costs; and

E. For such further relief as is just and equitable, including an order enjoining Defendant from attempting to interfere with the Frida Kahlo Corporation's licensees on account of the presence of a likeness of *Las Dos Fridas*.

8

Dated:  May 5, 2021                                       Respectfully submitted,


                    By:   /s/ Monty Agarwal
                          MONTY AGARWAL
                          VALLEJO | ANTOLIN |
                              AGARWAL | KANTER LLP
                          3021 Citrus Circle, Suite 220
                          Walnut Creek, CA 94598
                          Telephone: 925.951.6970
                          Fax: 925.262.4269
                          magarwal@vaakllp.com

                          Attorneys for Plaintiffs
                          FRIDA KAHLO CORPORATION
                          KIDROBOT, LLC